IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAZARO ITZEP; PEDRO CHAN; § | | |
| PAOLA RAMOS; RICHARD ITZEP; § | | |
| JUANA MORALES; RODOLFO LOPEZ; § | | |
| CRISTINA OSORIO; AND MARIA SALAS § | | |
| § | | |
| v. § | A-12-CV-197-LY | |
| § | | |
| ACADEMY, LTD. AND ACI FACILITIES § | | |
| MANAGEMENT, INC. § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Academy, Ltd.'s Motion to Dismiss and Motion for More Definite Statement in the Alternative (Clerk's Doc. No. 6) filed on March 9, 2012; Plaintiffs' Response to Defendant Academy, Ltd.'s Motion to Dismiss and Motion for More Definite Statement in the Alternative (Clerk's Doc. No. 8) filed on March 20, 2012; and Defendant Academy, Ltd.'s Reply Brief (Clerk's Doc. No. 10) filed March 30, 2012. The District Court referred these Motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

### I. FACTUAL BACKGROUND

Plaintiffs Lazaro Itzep, Pedro Chan, Paola Ramos, Ricardo Itzep, Juana Morales, Rodolfo Lopez, Cristina Osorio, and Maria Salas ("Plaintiffs") brought suit in state court alleging that Defendants Academy, Ltd., ("Academy") and AIC Facilities Management ("AIC") (collectively "Defendants") failed to pay them federal minimum wage in violation of the Fair Labor Standards Act

("FLSA") and the Texas Minimum Wage Act ("TMWA") and failed to pay them overtime as required by the FLSA. The case was removed to federal court by Academy, Ltd., and Plaintiffs have not amended their Petition.

Plaintiffs are eight janitorial workers who performed daily cleaning and maintenance inside Academy Sports and Outdoors stores in around Austin, Texas "in the last three years." In August 2010, Academy contracted with AIC to provide janitorial services for certain store locations. Plaintiffs were hired by AIC's subcontractors to perform the daily maintenance and cleaning of the Academy stores. Plaintiffs allege that Defendants failed to pay them minimum wages as required by Texas and federal law and failed to pay them overtime compensation. Plaintiffs entered into a settlement agreement with AIC Facilities Management, Inc., in which it agreed to make scheduled payments as full compensation for Plaintiffs' claims for unpaid wages for the work they performed at Academy Sports and Outdoors. AIC Facilities Management, Inc. failed to make timely and full payments in accordance with the settlement agreement. Plaintiffs now sue AIC Facilities Management, Inc., for breach of that contract, along with Plaintiffs' wage claims against both AIC and Academy.

Applying the "economic realities" test, Defendant Academy alleges that it does not qualify as Plaintiffs' "employer" as defined by the FLSA and moves to dismiss Plaintiffs' claims against it. Alternatively, Defendant Academy requests that Plaintiffs be required to re-plead, including facts establishing that Academy qualifies as an "employer" under the economic realities test.

## II.  ANALYSIS

**A.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule

12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**B.  Economic Reality Test**

Academy moves to dismiss, asserting that Plaintiffs have failed to plead the elements of or any factual support for the elements of the "economic reality" test. The FLSA requires "employers" to pay their employees a minimum wage. 29 U.S.C. § 206(a). An "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship. *See, e.g., Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). The test originates in the Supreme Court's holding that "economic reality" should govern the determination of employer status under the FLSA. *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to

hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams*, 595 F.3d at 620. In cases where there may be more than one employer, courts "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Graves*, 909 F.2d at 1556.

### C.     State Court Pleading Standard Inapplicable

Plaintiffs, not having pled any facts supporting Academy's status as their "employer," argue in their Response that their state court Original Petition is sufficient under the "fair notice" standard applied by state courts in Texas. TEX.R.CIV.P. 47(a). Plaintiffs rely on FED.R.CIV.P. 81(c) stating that "these rules apply to a civil action after it is removed from state court" for the proposition that the *Iqbal* and *Twombly* standard does not apply to removed pleadings because the pleading was filed before removal. Plaintiffs cite various cases, but none are on point.

In *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000), relied upon by Plaintiffs, the Fifth Circuit did state that "the federal rules do not apply to filings in state court, even if the case is later removed to federal court." However, *Tompkins* concerned sanctions under Texas Rule of Civil Procedure 13 based on a Texas state court filing made in bad faith and filed prior to removal to federal court. Obviously, that is not the case here. *Kuykendahl-WP Retail I, L.P. v. Wild Oats Mkts., Inc.*, 2008 WL 728149 (S.D. Tex. 2008), also relied upon by Plaintiffs, is similarly inapplicable. Plaintiffs state that *Kuykendahl* held that "Rule 81 of the [FRCP] required the court to apply Texas law to determine whether the petition filed in state court adequately stated a claim of fraud, and not the heightened pleading requirements under the federal rule." However, *Kuykendahl* involved the issue of improper joinder and a motion to remand. To show improper joinder of non-diverse defendants, a removing party must prove either "(1) actual fraud in the pleading of jurisdictional facts,

4

or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in *state court.*" *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003) (emphasis added)). The petition as filed in state court controls the inquiry. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (stating that the court must determine if there could possibly be liability "on the pleaded claims in state court."). In ruling on whether removal was proper, *Kuykendahl* held that whether the plaintiffs fraudulently joined the non-diverse defendant should be determined under Texas procedure. *Id.* This issue is irrelevant to the present case which does not involve improper joinder or an inquiry into the "ability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d at 646-47.

"[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 437 (1974). The Fifth Circuit has rejected the notion that state procedural rules apply to the sufficiency of pleadings after removal. *See Provident Financial Inc. v. Strategic Energy, LLC.*, 404 Fed.Appx. 835, 840 (5th Cir. 2010) (holding that " the Federal Rules of Civil Procedure govern how a party must plead [a state] defense in federal court"). District courts routinely apply *Iqbal* and *Twombly* to motions to dismiss in cases removed from state court and in which the pleadings have not been amended. *See Olaoye v. Wells Fargo Bank, NA*, 2012 WL 1082307 (N.D. Tex. 2012); *Myers v. Bank of America, N.A.*, 2012 WL 1107687 (E.D. Tex. 2012).

Under Rule 8(a)(2), plaintiffs are not required to include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation is needed." *Twombly*, 550 U.S. at 555 (citations and internal punctuation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plaintiffs have failed to plead any facts supporting their claim that Academy was Plaintiffs' employer as defined by the FLSA. Plaintiffs must plead facts supporting their claim that Academy was Plaintiffs' employer under the "economic reality" test. The Court finds that Plaintiffs' pleading is insufficient to withstand dismissal. Before the claims are dismissed on this basis, however, it is appropriate to permit the Plaintiffs an opportunity to re-plead their complaint to attempt to state a claim against Academy as an "employer." Courts generally offer plaintiffs the chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice where the court finds that the plaintiff's complaint fails to state a claim. *Lindgren v. Spears*, No. H-10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

**D.     Defendant Academy's Motion for More Definite Statement and Plaintiffs' Motion to Amend Complaint**

Alternative to its Motion to Dismiss, Defendant Academy moves the Court to require Plaintiffs to file a More Definite Statement in accordance with FED. R. CIV. P. 12(e). This issue is moot, in that the Court recommends above that Plaintiffs be directed to replead their claims to attempt to state sufficient facts to demonstrate that Academy was the Plaintiffs' "employer" under the FLSA.

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Defendant Academy, Ltd.'s Motion to Dismiss and Motion for More Definite Statement in the Alternative (Clerk's Doc. No. 6), without prejudice to Academy's right to raise these issues again, upon the filing of an amended complaint. The Court **FURTHER RECOMMENDS** that the District Court ORDER Plaintiffs to

file an amended complaint setting forth the factual basis for their claim that Academy was their "employer" under the FLSA.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE